**Steven M. Wilker**, CA Bar #150946
Direct Dial: 503.802.2040
Direct Fax: 503.972.3740
Email: steven.wilker@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

Attorneys for Plaintiff CamelBak Products, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

__________________ DIVISION

**CAMELBAK PRODUCTS, LLC**, a Delaware limited liability company,

Plaintiff,

v.

**OSPREY PACKS, INC.**, a Colorado corporation,

Defendant.

Case No. 3:15-cv-906

**COMPLAINT (Patent Infringement; Injunction)**

***DEMAND FOR JURY TRIAL***

JURISDICTION

1. This Court has original jurisdiction over the subject matter of this action for patent infringement pursuant to 28 U.S.C. §§1331 and 1338(a).

INTRADISTRICT ASSIGNMENT

2. Under Civil L.R. 3-2(c), this Intellectual Property Action is subject to district-wide assignment as an excepted action. To the extent the court considers it relevant, Plaintiff's principal place of business is in Sonoma County.

NATURE OF THE ACTION

3. This is an action for infringement of CamelBak Products, LLC's ("CamelBak's" or "Plaintiff's") United States Patent No. 7,063,243 under the United States Patent Act, 35 U.S.C.

§271, against Defendant for its illegal, unauthorized and unlicensed commercial manufacture, importation, use, offer of sale and sale of Defendant's HYDRAFORM, HYDRAULICS, and HYDRAULICS LT hydration reservoir products ("Accused Products").

THE PARTIES

4. Plaintiff CamelBak is a limited liability company organized under the laws of Delaware with its principal place of business in Petaluma, California.

5. Defendant Osprey Packs, Inc. ("Osprey" or "Defendant") is a Colorado corporation with its principal place of business in Cortez, Colorado.

VENUE

6. Defendant conducts substantial business in this judicial district and regularly solicits business in and does business with and derives revenue from goods sold or offered for sale in this judicial district. Defendant has sold and offered for sale the Accused Products and otherwise has committed and continues to commit acts of patent infringement in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§1391(b) and 1400(b) because Defendant is subject to personal jurisdiction in this judicial district and conducts substantial business in this judicial district, including the sale and offer of sale of the Accused Products.

THE ASSERTED PATENT

8. U.S. Patent No. 7,063,243 ("the '243 Patent") was duly and legally issued on June 20, 2006, and names Barley A. Forsman, Robert Miros and Robert Choi as inventors. The '243 Patent is valid and enforceable.

9. The '243 Patent, attached as Exhibit 1 to this Complaint, entitled HYDRATION SYSTEM WITH IMPROVED FLUID RESERVOIR, is directed to a personal hydration system that includes a fill port wrench assembly with a handle that serves as a counter lever for removing and attaching the fill port cap.

10. CamelBak is the owner by assignment from the named inventors of the entire right, title and interest in the '243 Patent.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

BACKGROUND FACTS

11. CamelBak developed its original hands-free reservoir hydration system in the late 1980s. Since that time, CamelBak developed innovative designs that have continuously improved its hands-free reservoir hydration system, including the invention disclosed in the '243 Patent.

12. CamelBak has sold, and continues to sell products that are covered by the '243 Patent, including its ANTIDOTE® hydration reservoirs, throughout the United States. CamelBak has marked its ANTIDOTE® hydration reservoirs with the '243 Patent since it began marketing and selling ANTIDOTE® hydration reservoirs on or before November 1, 2010. The CamelBak ANTIDOTE® hydration reservoir is shown here:

ANTIDOTE®

13. Well after the '243 Patent issued in 2006, Defendant began to market and sell the Accused Products. Defendant has marketed and continues to market the Accused Products on its website at www.ospreypacks.com. Defendant sells its infringing products through retailers that also sell CamelBak's reservoir hydration products. Defendant's Hydraform, Hydraulics, and Hydraulics LT products are shown here:

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

HYDRAFORM

HYDRAULICS

HYDRAULICS LT

DEFENDANT'S INFRINGEMENT

14. On information and belief, Defendant became aware of the '243 Patent on or before Defendant's first commercial sale of the Accused Products.

15. Defendant introduced its Hydraform product to the market in or about the spring of 2010. Defendant continued to market and sell its Hydraform product after CamelBak began marketing and selling ANTIDOTE® hydration reservoirs on or before November 1, 2010.

16. Defendant introduced its Hydraulics product to the market in or about the spring of 2013, well after CamelBak had introduced its ANTIDOTE® hydration reservoir products.

17. Defendant introduced its Hydraulics LT product to the market in or about the spring of 2014.

18. CamelBak's ANTIDOTE® products are protected by the claims of the '243 Patent.

19. Defendant has infringed and continues to infringe the '243 Patent by making, importing, selling and/or offering to sell the Accused Products that embody or use the inventions claimed in the '243 Patent.

20. Each of the Accused Products infringes independent Claim 1 of the '243 Patent and several of its dependent claims.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

21. Defendant's Hydraform product also infringes independent Claim 36 of the '243 Patent and several of its dependent claims.

22. Defendant's Hydraulics product also infringes independent Claims 29 and 36 of the '243 Patent and several of their dependent claims.

23. In addition to meeting the other limitations of the claims of the '243 Patent, the Accused Products have a wrench assembly with a handle that serves as a counter lever for removing and attaching the cap to the fill port.

## CLAIM FOR RELIEF

(Direct Patent Infringement)

24. Plaintiff realleges and incorporates herein paragraphs 1 through 23 above.

25. In violation of 35 U.S.C. §271(a), Defendant has infringed and continues to infringe one or more of the claims in the '243 Patent, literally and/or under the doctrine of equivalents, by making, importing, selling, and/or offering for sale the Accused Products in the United States.

26. Pursuant to 35 U.S.C. §284, Plaintiff is entitled to recover from Defendant the damages that Plaintiff has suffered as a result of Defendant's infringing conduct including Plaintiff's lost profits, in an amount to be proven at trial, but in no case less than a reasonable royalty. Plaintiff is also entitled to recover pre-judgment interest.

27. Defendant's infringement of the '243 Patent is willful in that Defendant was aware of the '243 Patent when it introduced the Accused Products to the market. Accordingly, Plaintiff is entitled to recover enhanced damages of three times the amount of damages awarded pursuant to 35 U.S.C. §284.

28. Defendant's infringing acts have caused and will continue to cause irreparable harm unless such infringing acts are enjoined by this Court pursuant to 35 U.S.C. §283. Plaintiff has no adequate remedy at law.

29. Pursuant to 35 U.S.C. §285, this is an exceptional case in which Plaintiff is entitled to recover its reasonable attorney fees incurred.



**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury of any and all causes of action.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Adjudging that Defendant has infringed the '243 Patent literally and/or under the doctrine of equivalents;

2. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, successors, affiliates and assigns, and all those acting in active concert and participation with any of the foregoing persons and entities from infringing, contributing to the infringement, or inducing infringement of the '243 Patent;

3. Ordering Defendant to pay damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for Defendant's past infringement and any continuing future infringement up to the date that Defendant is finally and permanently enjoined from infringement;

4. Ordering Defendant to pay Plaintiff pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. §284;

5. Ordering that the damages award against Defendant be increased up to three times the actual award pursuant to 35 U.S.C. §284;

6. Declaring this case to be exceptional and awarding Plaintiff its reasonable attorney fees pursuant to 35 U.S.C.§285; and

7. Awarding Plaintiff such other relief as this Court deems just and equitable.

DATED: February 27, 2015.

TONKON TORP LLP

By: */s/ Steven M. Wilker*

Steven M. Wilker, CA Bar #150946
Direct Dial: 503.802.2040
Direct Fax: 503.972.3740
Email: steven.wilker@tonkon.com
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

Attorneys for Plaintiff CamelBak Products, LLC